```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

SM GLOBAL UNION, LLC,                §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §    CIVIL ACTION NO. H-13-0535
                                     §
WILLIAM LEONARD ROBERTS II           §
p/k/a RICK ROSS, JUAQUIN             §
MALPHURS p/k/a WAKA FLOCKA, and      §
ROBERT WILLIAMS p/k/a MEEK MILL,     §
                                     §
    Defendants.                      §

## MEMORANDUM AND ORDER

Pending is Plaintiff SM Global Union, LLC's Motion to Sever Judgment Entered Against Roberts and Williams (Document No. 7). Having carefully considered the motion, response, reply, and applicable law, the Court concludes as follows.

### I. Background

In October, 2012, Plaintiff, a promoter of live musical performances, filed suit in Texas state court against Defendants Jauquin Malphurs p/k/a Waka Flaka ("Malphurs"), William Leonard Roberts, II p/k/a Rick Ross ("Roberts"), and Robert Williams p/k/a Meek Mill ("Williams") for breach of contract and other claims regarding their performance at a concert in North Carolina.[1]

---

[1] Plaintiff also alleges the following causes of action against Defendants: (1) fraud and fraudulent inducement, (2) quantum meruit, and (3) promissory estoppel. Document No. 1., ex. C1 at 6-7 (Orig. Pet.).

Plaintiff obtained a Default Judgment against all Defendants on February 6, 2013. Within 30 days thereafter, Defendant Malphurs filed a Notice of Special Appearance and Motion to Set Aside Default Judgment and for New Trial,[2] and filed in this Court a Notice of Removal.[3] Plaintiff now moves to sever the judgment entered against Roberts and Williams pursuant to Rule 21 of the Federal Rules of Civil Procedure.

## II. Discussion

Rule 21 of the Federal Rules of Civil Procedure provides that the court may "sever any claim against a party." FED. R. CIV. P. 21. The Fifth Circuit has explained the effect of a Rule 21 severance:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

---

[2] Document No. 1, ex. C2 at 11-14 (J.). The state-court judgment imposed on all three Defendants joint and several liability for: (1) actual damages in the amount of $326,987; (2) exemplary damages in the amount of $653,974; (3) prejudgment interest at 5% per annum from the date of filing; (4) reasonable attorney's fees in the amount of $15,624; (5) costs of court; and (6) post-judgment interest on items 1 through 3 at 5% per annum. Id.

[3] Document No. 1, ex. C3 at 2-4.

Allied Elevator, Inc. v. E. Tex. State Bank, 965 F.2d 34, 36 (5th Cir. 1992) (*quoting* United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983)).

The court has broad discretion to grant or deny a severance. O'Neil, 709 F.2d at 367; Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994). When determining whether severance is proper, courts look to a variety of factors including whether severance would cure misjoinder of parties; severance would avoid prejudice against a party; the claims are closely related, arise out of the same transaction or occurrence, or present a common question of law or fact; different witnesses and documentary proof are required for separate claims; and judicial economy would be promoted. *See, e.g.*, O'Neil, 709 F.2d at 369 (granting severance and explaining that the primary, though not only, function of Rule 21 is to cure misjoinder of parties); In re S. Scrap Material Co., 713 F. Supp. 2d 568, 588 (E.D. La. 2010) (granting severance because the claims were largely unrelated, did not arise out of the same transaction or occurrence, would likely require different evidence and witnesses, and rested on separate legal theories); Baughman v. Lee Cnty., Miss., 554 F. Supp. 2d 652, 654 (N.D. Miss. 2008) (granting severance because the claims required different fact witnesses and individualized proof regarding damages); Henderson v. AT & T Corp., 918 F. Supp. 1059, 1062-63 (S.D. Tex 1996) (granting severance because of the likelihood of prejudice,

3

potential confusion of the jury, and highly individualized claims), *abrogated on other grounds as recognized by* Holmes v. Energy Catering Servs., L.L.C., 270 F. Supp. 2d 882 (S.D. Tex. 2003).

Plaintiff argues that because Roberts and Williams did not timely move to set aside the default judgment against them, the judgment is final as to those two Defendants. Defendant Malphurs, citing Frow v. DeLaVega, 82 U.S. 552, 554 (1872), argues that the judgment is not final as to any defendant against whom joint and several liability is sought so long as it is not final as to him, and that Roberts and Williams may not be severed until his motion to overturn the default judgment is resolved.

Defendants each entered into a separate contract with Plaintiff to perform a concert in North Carolina. The terms of each contract were essentially identical and had as its common subject the concert.[4] The only significant difference between each Defendant's contract is the varying compensation each would receive for the performance.[5] The claims against Malphurs, Roberts, and Williams present a common question of law or fact, involve the same subject matter, and no reason is apparent for them to be severed, especially on the motion of the Plaintiff, which chose to sue all

---

[4] Document No. 1, ex. C1 at 4-5.

[5] Id.

4

three Defendants in one case and sought joint and several liability against them.  The motion to sever will therefore be denied.[6]

### III. Order

Accordingly, it is

ORDERED that Plaintiff SM Global Union, LLC's Motion to Sever Judgment Entered Against Roberts and Williams (Document No. 7) is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 3rd day of June, 2013.

*/s/ Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[6] The oddity here is that judgment was entered against all three Defendants *before* the case was removed.  This ruling does not preclude Plaintiff from moving to finalize the judgment as to Defendants Roberts and Williams under Rule 54(b) of the Federal Rules of Civil Procedure, but that, of course, may require a different judgment so as not to cause prejudice to Defendant Malphurs.

5